IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOBBY JOE BURTON, #75272-079, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:05-CV-1445-R |
| | ) | |
| DAN JOSLIN, Warden, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for a writ of habeas corpus brought by a federal prisoner pursuant to 28 U.S.C. § 2241.

Parties: Petitioner is currently confined at the Federal Correction Institution (FCI) in Seagoville, Texas. Respondent is the warden at FCI Seagoville. The court has not issued process in this case, pending preliminary screening of the habeas petition.

Statement of Fact: Petitioner was convicted in the Southern District of Texas, Houston Division, of conspiracy to distribute crack cocaine and aiding and abetting in the distribution of crack cocaine in United States v. Burton, 4:97-CR-0036(03). (See Petition (Pet.) at 3). After a remand from the United States Supreme Court on his petition for writ of certiorari based on Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), the Fifth Circuit Court of Appeals remanded Petitioner's case to the district court for re-sentencing. (See

Memorandum in Support attached to Pet. at p. "v"). On March 30, 2001, the district court re-sentenced Petitioner to 360 months imprisonment, the statutory maximum, based on two enhancements not approved by the jury verdict – i.e., an increase in the drug amount, and a leadership role finding. (Id.). The Fifth Circuit Court of Appeals affirmed the conviction and sentence. See United States v. Burton, 31 Fed.Appx. 152 (5th Cir., Dec 11, 2001) (unpublished per curiam No. 01-20395), cert. denied, 535 U.S. 1010 (Apr. 15, 2002) (holding that although defendant's indictment did not allege a drug quantity or leadership role, he was not sentenced in excess of the 30-year statutory maximum and as such, there was no Apprendi violation).

Prior to filing this action, Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. See Burton v. United States, 4:03cv1981 (S.D. Tex., Houston Div., filed May 29, 2003). Following the denial of the motion, the Fifth Circuit denied his request for a certificate of appealability on October 21, 2004. (Pet. at 4). Petitioner, thereafter, sought leave to file a successive § 2255 motion, which the Fifth Circuit Court of Appeals denied on May 27, 2005. (Memorandum in Support at p. 1).[1]

In the present § 2241 action, Petitioner seeks to challenge the enhancement of his sentence under Blakely v. Washington, 542 U.S 296, 124 S. Ct. 2531, 159 L.Ed.2d 403 (2004), and United States v. Booker, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). Relying on the savings clause of § 2255, he argues that he is actually innocent of the leadership role and drug amount findings that were used to enhance his sentence.[2]

---

[1]   Petitioner also filed a motion to recall the mandate, which the Fifth Circuit denied on March 2, 2005. (Memorandum in Support at v).

[2]   In Booker, the Supreme Court extended to the Federal Sentencing Guidelines the rule announced in Apprendi v. New Jersey, and reaffirmed in Blakely, that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum

2

Findings and Conclusions: In light of the Fifth Circuit recent denial of his request for leave to file a successive § 2255 motion, Petitioner now attempts to raise the Booker/Blakely issue by means of a § 2241 petition, While § 2241 is more typically used to challenge the execution of a prisoner's sentence, a federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if he can satisfy the mandates of the "savings clause" of § 2255. Padilla v. United States, 416 F.3d 424, 425-26 (5th Cir. 2005); Reyes-Requena v. United States, 243 F.3d 893, 900-01 (5th Cir. 2001); see also Christopher v. Miles, 342 F.3d 378, 381 (5th Cir.), cert. denied, 540 U.S. 1085 (2003).[3]

Since Petitioner is incarcerated in the Northern District, this court has jurisdiction to determine whether his claims are properly brought under § 2241 via the savings clause of § 2255. Padilla, 416 F.3d at 426 (determining that only the custodial court had jurisdiction to determine whether petitioner could properly raise a claim under savings clause of § 2255) (citing Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999)).

The petitioner "bears the burden of affirmatively showing that the § 2255 remedy is

---

authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 125 S.Ct. at 756. See also Padilla, 416 F.3d at 426 n. 1. The Booker Court also excised certain statutory provisions that made the Guidelines mandatory, thereby rendering them advisory only. Booker, 125 S.Ct. at 756-57.

[3] The savings clause of § 2255 states as follows:
An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that *the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255 ¶ 5 (emphasis added).

3

inadequate or ineffective." Padilla, 416 F.3d at 426. The savings clause of § 2255 applies to a claim of actual innocence "(i) that is based on a retroactively applicable Supreme Court decision which establishes that petitioner may have been convicted of a non-existent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Id. (quoting Reyes-Requena, 243 F.3d at 904).

In Padilla, 416 F.3d at 425-26, the Fifth Circuit Court of Appeals held that a claim challenging only the validity of a sentence under Blakely and Booker did not fall within the savings clause of § 2255. The Court concluded that the Booker's holding, like Apprendi, is "not retroactively applicable to cases on collateral review." Id. at 426 (citing Booker, 125 S. Ct. at 738; Wesson v. U.S. Penitentiary Beaumont, 305 F.3d 343, 347 (5th Cir. 2002)). It further concluded that the petitioner's claim, which challenged only the enhancement of his sentence for possession of a weapon, does "not demonstrate that [the petitioner] was convicted of a non-existent offense and [as a result] has no effect on whether the facts of his case would support his conviction for the substantive offense." Id.

In this case, despite his arguments to the contrary, Petitioner is unable to satisfy the first prong of the savings clause test. As in Padilla, his claim only challenges the enhancement of his sentence under Blakely and Booker, and as such does not implicate his conviction for a substantive criminal offense. Moreover, the Supreme Court has not made its decision in Booker retroactively applicable to cases on collateral review. Padilla, 416 F.3d at 426.[4] Accordingly,

---

[4] The Fifth Circuit has held in the context of a second or successive motion under § 2255 that the United States Supreme Court did not make Booker retroactively applicable to cases on collateral review. See In re Elwood, 408 F.3d 211, 212-13 (5th Cir. 2005) (per curiam). While the Fifth Circuit has not yet addressed the applicability of Booker to a first § 2255 motion, the circuits that have considered the question have determined that the Booker decision is not retroactive to collateral review cases. See Guzman v. United States, 404 F.3d 139, 141-44 (2nd

Petitioner is not entitled to invoke the savings clause of § 2255 and his petition should be dismissed for lack of jurisdiction.  See Christopher v. Miles, 342 F.3d 378, 385 (dismissing for lack of jurisdiction claim which failed to satisfy § 2255 savings clause).

RECOMMENDATION:

Because Petitioner has not made the showing required to invoke the savings clause of § 2255 as to the claim presented in his habeas corpus petition, it is recommended that the petition under 28 U.S.C. § 2241 be dismissed for want of jurisdiction.

A copy of this recommendation will be mailed to Petitioner Bobby Joe Burton, Jr., BOP # 75272-079, FCI Seagoville, P.O. Box 9000, Seagoville, Texas 75159.

Signed September 12, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

Cir. 2005), pet. for cert. filed, No. 05-5187 (Jul. 5, 2005); Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005), pet . for cert. filed No. 05-5130 (May 17, 2005); Varela v. United States, 400 F.3d 864, 866-868 (11th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 480-81 (7th Cir), cert. denied, 125 S. Ct. 2559 (2005).

5