

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC 2 0 2005

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| **BOBBY JOE BURTON** §<br>§<br>§<br>*Petitioner,* §<br>§<br>**v.** §<br>§<br>**DAN JOSLIN, Warden** §<br>§<br>*Respondent.* § | **Civil Action No. 3:05-cv-1445-R** |

## ORDER ADOPTING FINDINGS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

United States Magistrate Judge Paul Stickney filed Findings, Conclusions and a Recommendation in this case on September 12, 2005. Petitioner, Bobby Joe Burton, filed a Objections to the Findings, Conclusions and Recommendation of the United States Magistrate Judge on September 20, 2005.

After reviewing Judge Stickney's Findings, Conclusions, and Recommendation pursuant to 28 U.S.C. §636(b) along with Petitioner's objections to those findings, the Court concludes that the Findings, Conclusions, and Recommendation are correct for the reasons stated below.

### I. BACKGROUND

Petitioner, Bobby Joe Burton, is a federal prisoner incarcerated in FCI-Seagoville who challenges his federal conviction in *United States v. Burton*, 4:97-cr-0036(03) (S.D. Tex., Houston Div.) pursuant to 28 U.S.C. § 2241. (Pet. at 3). Dan Joslin, Warden of the Seagoville prison facility, is the named respondent.

Burton was convicted for conspiring to distribute crack cocaine and aiding and abetting the

1

sale of crack cocaine.  After successfully appealing the original sentence that was entered to the United States Supreme Court based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), Burton was resentenced to 360 months of imprisonment on March 30, 2001.  (*See* Pet. Memorandum at "v").  Petitioner's new sentence was based in part on two sentencing enhancements that the trial judge found to be appropriate under a preponderance of the evidence.  (*Id.*)

Burton then appealed his new sentence to the Fifth Circuit Court of Appeals, which affirmed the sentence imposed by the district court on remand. *See United States v. Burton*, 31 Fed.Appx. 152 (5th Cir., Dec 11, 2001) (unpublished per curiam No. 01-20395), *cert. denied*, 535 U.S. 1010 (Apr. 15, 2002) (holding that although defendant's indictment did not allege a drug quantity or leadership role, he was not sentenced in excess of the 30-year statutory maximum and as such, there was no *Apprendi* violation).   In 2003, Burton filed an unsuccessful motion to vacate, set aside, or correct his sentence under 28 U.S.C. §2255. *See Burton v. United States*, 4:03-cv-1981 (S.D. Tex., Houston Div., filed May 29, 2003).  On October 21, 2004, the Fifth Circuit denied Petitioner's request for a certificate of appealability on that claim.  Petitioner then sought leave to file a successive § 2255 motion.  On May 27, 2005, the Fifth Circuit Court of Appeals denied his request for leave to file a successive petition.

Petitioner has now filed suit under 28 U.S.C. §2241 to challenge the sentencing enhancements on which his sentence is based.  In light of *Blakely v. Washington*, 542 U.S 296 (2004) and *United States v. Booker*, 543 U.S. 220 (2005), he argues that those sentencing enhancements must have been found by a jury beyond a reasonable doubt.  Relying on the savings clause of §2255, he argues that he is actually innocent of the leadership role and drug amount findings that were used to enhance his sentence.

## II. ANALYSIS

Generally, §2255 is primary method of "collaterally attacking a federal sentence" and is the appropriate remedy for "errors that occurred at or prior to the sentencing." *Padilla v. United States*, 416 F.3d 424, 425-426 (5th Cir. 2005) (internal quotations and citations omitted). By contrast, §2241 is the proper procedural vehicle in which to raise an attack on "the manner in which a sentence is executed." *Id.*

The Fifth Circuit Court of Appeals has held that "the scope of the § 2255 remedy is no different from the scope of the § 2241 remedy," *Kinder v. Purdy*, 222 F.3d 209, 214 (5th Cir. 2000), but has cautioned that a petition filed under § 2241 "is not ... a substitute for a motion under § 2255." *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). For that reason, "[a] § 2241 petition that seeks to challenge the validity of a federal sentence, i.e., by attacking errors that occurred at trial or sentencing, must either be dismissed or construed as a § 2255 motion." *Martinez v. Joslin*, 2005 WL 2386083 *2 (N.D.Tex. 2005) (citing *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000)). If, however, a petitioner establishes that the remedy provided under §2255 is inadequate or ineffective to test the legality of his or her detention, then he or she may file a § 2241 petition that attacks custody resulting from the sentence under the "savings clause" of § 2255. *Padilla*, 416 F.3d at 426.

In relevant part, §2255 states the following:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. §2255 (emphasis added). The italicized portion is the "savings clause," and a petitioner wishing to invoke the clause carries the burden of demonstrating that the §2255 remedy is inadequate

3

or ineffective. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). In this regard, the Fifth Circuit has held that the savings clause of §2255 applies to a claim of actual innocence "(i) that is based on a retroactively applicable Supreme Court decision which establishes that petitioner may have been convicted of a non-existent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first §2255 motion." *Padilla*, 416 F.3d at 426 (quoting *Reyes-Requena*, 243 F.3d at 904).

The Court lacks jurisdiction to consider a §2241 petition where the petitioner fails to show that §2255 is an inadequate or ineffective remedy. *See Christopher v. Miles*, 342 F.3d 378, 379 (5th Cir.), *cert. denied*, 540 U.S. 1085 (2003). Additionally, "[o]ne may not utilize § 2241 merely to avoid procedural hurdles presented under § 2255, such as the one-year statute of limitations or restriction on filing second or successive motions to vacate." *Martinez*, 2005 WL 2386083 *2 (citing *Pack*, 218 F.3d at 453 and *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000)). Neither the bar on limitations nor the bar on successive petitions makes §2255 ineffective or inadequate for purposes of the savings clause. *Pack*, 218 F.3d at 453. "To hold otherwise would flout Congress's obvious intent to give meaning to these procedural requirements... [and] would render those procedural requirements a nullity and defy Congress's clear attempt to limit successive habeas petitions." *Id.*

The Magistrate Judge assigned to this case found that the Court does not have jurisdiction to entertain Burton's §2241 petition since Burton has failed to make the required showing under the savings clause of §2255. Specifically, the Magistrate Judge found that Burton's petition should be dismissed because it attacks his sentencing (not his underlying conviction) and draws the erroneous conclusion that the Supreme Court's decision in *United States v. Booker* is retroactively applicable on collateral review. See FC&R at 4-5.

4

In response, Petitioner objects that the Magistrate Judge is mistaken. Petitioner argues that the rule set forth in *United States v. Booker*, 520 U.S. at 756 – that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt"– is essentially an extension of *In re Winship*, 397 U.S. 358 (1970), which the Supreme Court has held to be fully retroactive to cases on collateral review. Pet's Obj at 3-5 (citing, *inter alia, Hankerson v. North Carolina*, 432 U.S. 233, 242-44 (1977) and *Ivan V. v. City of New York*, 407 U.S. 203, 204-05 (1972)). By implication, Petitioner contends, syllogistically, that *Booker* is also retroactive on collateral review. *See id.*

After carefully considering Petitioner's objections in light of the law that applies to this case, the Court finds that his objections are not persuasive and that he is not entitled to relief. First, petitioner does not attempt to show that he is "actually innocen[t]" of his underlying conviction, which is necessary in order to invoke the savings clause. *See Padilla*, 416 F.3d at 426; *Reyes-Requena*, 243 F.3d at 904. Secondly, as correctly noted by the Magistrate Judge, Petitioner cannot show that *Booker* is retroactively applicable on collateral review. The Fifth Circuit has squarely held that *Booker* does not retroactively apply to cases on collateral review in the manner required by *Tyler v. Cain*, 533 U.S. 656, 661 (2001). *See In re Elwood*, 408 F.3d 211, 212-13 (5th Cir. 2005) (per curiam). Consequently, Petitioner cannot meet his burden under the savings clause of §2255, and this Court is without jurisdiction to entertain his successive petition under §2241. *See Christopher*, 342 F.3d at 379; *Escobar v. Wendt*, 2005 WL 2219228 *3 (N.D.Tex. 2005).

5

### III. Conclusion

The Court has reviewed the Magistrate Judge's Findings, Conclusions, and Recommendation pursuant to 28 U.S.C. §636(b) and has considered Petitioner's objections. After careful consideration, the Court concludes that Judge Stickney's Findings, Conclusions, and Recommendation are correct and are hereby **ADOPTED** as the findings of this Court. The Court will formally deny Burton's petition for writ of habeas corpus by separate judgment.

**IT IS SO ORDERED**

**ENTERED: December 20, 2005**

Hon. JERRY BUCHMEYER
SENIOR UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS